UNITED STATES DISTRICT COURT
DISTRICT OF WYOMING

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2024 AUG 20  AM 8: 08

MARGARET BOTKINS, CLERK
CASPER

| | |
|---|---|
| EDUARDO ALBERTO VLAHOS, | |
| Plaintiff, | |
| v. | Case No. 23-CV-146-SWS |
| TRAVCO INSURANCE COMPANY and ALAN SCHNITZER, C.E.O., | |
| Defendants. | |

## ORDER GRANTING DEFENDANT ALAN SCHNITZER'S MOTION TO DISMISS

Plaintiff Eduardo Vlahos filed a *pro se* Amended Complaint alleging Defendants wrongfully denied his renter's insurance claim concerning some lost or stolen personal property. (ECF 34, 35.) Two of Mr. Vlahos' claims survived initial screening under 28 U.S.C. § 1915: (1) breach of insurance contract brought under state law, and (2) intentional discrimination in violation of 42 U.S.C. § 1981. (ECF 36.)

Defendant Alan Schnitzer, the C.E.O. of The Travelers Companies, Inc., now moves under Federal Rule of Civil Procedure 12(b)(6) to dismiss the surviving claims as against him. (ECF 57, 58.) Mr. Vlahos has submitted an opposition to dismissal (ECF 59), and CEO Schnitzer has replied (ECF 62). Having considered the parties' submissions, reviewed the record herein, and being otherwise fully advised, the Court will grant the motion because the Amended Complaint fails to state a viable claim on which relief can be granted against CEO Schnitzer.

### STANDARD OF ADJUDICATION FOR RULE 12(b)(6) MOTIONS TO DISMISS

Federal Rule of Civil Procedure 12(b)(6) permits a party to move for dismissal of a claim or complaint that fails "to state a claim upon which relief can be granted." The Court's function

when considering a Rule 12(b)(6) motion "is not to weigh potential evidence that the parties might present at trial." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (quoting *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999)). To overcome a Rule 12(b)(6) motion, a complaint's factual allegations, assumed to be true and read in the light most favorable to the non-moving party, must "raise a right to relief above the speculative level" and must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Thus, mere 'labels and conclusions,' and 'a formulaic recitation of the elements of a cause of action' will not suffice; a plaintiff must offer specific factual allegations to support each claim." *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555). The Court accepts the nonmoving party's well-pled factual allegations as true, but it is not bound to accept an asserted legal conclusion as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

## DISCUSSION

Mr. Vlahos proceeds *pro se* without the assistance of an attorney. Therefore, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

1. **CEO Schnitzer cannot be held liable for the alleged intentional discrimination under § 1981 because Mr. Vlahos has not asserted any personal involvement by CEO Schnitzer.**

"Title 42 U.S.C. § 1981 proscribes public or private racial discrimination in the formation and enforcement of contracts." *Fitzgerald v. Mountain States Tel. & Tel. Co.*, 68 F.3d 1257, 1262 (10th Cir. 1995). In the "Amended Claims Affidavit" included with his Amended Complaint, Mr. Vlahos describes his § 1981 claim of intentional discrimination by contending his insurance claim

was denied "for no reason, other than being Latino" and asserts a Travelers insurance agent admitted the claim was denied based on Mr. Vlahos' race. (ECF 35 pp. 1-2.) CEO Schnitzer contends this federal claim should be dismissed as to him because the Amended Complaint does not assert CEO Schnitzer was involved in any of the alleged wrongdoing.

"[A]n individual defendant can be held liable under § 1981 if the individual defendant was personally involved in the discriminatory conduct." *Flores v. City and County of Denver*, 30 F. App'x 816, 819 (10th Cir. 2002) (citing *Allen v. Denver Pub. Sch. Bd.*, 928 F.2d 978, 983 (10th Cir.1991), *overruled on other grounds by Kendrick v. Penske Transp. Servs., Inc.*, 220 F.3d 1220, 1228 (10th Cir. 2000)). Mr. Vlahos' Amended Complaint and "Amended Claims Affidavit" do not allege any personal involvement by CEO Schnitzer in the discriminatory conduct. (*See* ECF 34, 35.) Nor does his response to the motion to dismiss. (*See* ECF 59.) There simply is no assertion CEO Schnitzer participated in, directed, or even knew about the claim denial or the alleged discrimination.

Mr. Vlahos agues a corporate executive "may be held liable for their failure to prevent or address systemic discriminatory practices." (ECF 59 p. 10.) True enough, but Mr. Vlahos has not alleged any facts suggesting systemic discriminatory practices at TravCo or Travelers. (*See* ECF 34, 35, 59.) Thus, this contention does not save his § 1981 claim as to CEO Schnitzer.

CEO Schnitzer cannot be held liable on Mr. Vlahos' § 1981 claim unless CEO Schnitzer was somehow personally involved in the alleged discriminatory conduct toward Mr. Vlahos, but the Amended Complaint and "Amended Claims Affidavit" do not allege any personal involvement by CEO Schnitzer. Consequently, this claim will be dismissed as to CEO Schnitzer.

2.  **CEO Schnitzer cannot be held liable for the alleged breach of insurance contract because he was not a party to the contract.**

CEO Schnitzer also contends the claim for breach of insurance contract should be

dismissed as to him because he was never a party to the contract. Whether this Court exercises jurisdiction over this state-law claim for breach of contract based on diversity jurisdiction (based on the diversity of the parties' citizenship) or pendent jurisdiction (supplemental to the federal claim), the law of the forum state, Wyoming, applies to the claim. *See Barnett v. Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.*, 956 F.3d 1228, 1237 n.2 (10th Cir. 2020). And in Wyoming (as in most jurisdictions), "[i]t is well-settled that a non-party to a contract cannot be sued for breach of that contract." *Peterson v. Meritain Health, Inc.*, 508 P.3d 696, 705 (Wyo. 2022). Mr. Vlahos' Amended Complaint and "Amended Claims Affidavit" do not allege CEO Schnitzer is or ever was a party to the renter's insurance contract at issue in this case (*see* ECF 34, 35), and the insurance policy itself demonstrates CEO Schnitzer was not a party to it (*see* ECF 57-1[1]). Accordingly, Mr. Vlahos has not and cannot state a viable claim for breach of insurance contract against CEO Schnitzer, and this claim will be dismissed as to CEO Schnitzer.

**IT IS THEREFORE ORDERED** that Defendant Alan Schnitzer's Motion to Dismiss for Failure to State a Claim for Relief (ECF 57) is **GRANTED**. All claims against Defendant Alan Schnitzer are **DISMISSED**, and Alan Schnitzer is excused from further participation in this lawsuit. The claims against Defendant TravCo Insurance Company remain at issue.

**ORDERED:** August 20Th, 2024.

Scott W. Skavdahl
United States District Judge

---

[1] CEO Schnitzer included a copy of the insurance policy at issue as an attachment to his motion to dismiss. The Court reviews and considers the insurance policy as part of this Rule 12(b)(6) motion without converting it to a motion for summary judgment because the insurance policy is referenced in Mr. Vlahos' Amended Complaint, is central to his claims, and its authenticity is undisputed. *See Thomas v. Kaven*, 765 F.3d 1183, 1197 (10th Cir. 2014).